The constitutionality of the questioned provision of the Ethics Act hinges upon "whether [it] is a rational means of advancing a valid state interest." If the regulation is "reasonably related to a valid government interest," it must be allowed to stand. Under that premise Code of 1975, § 36-25-1
(9) is constitutional.
This Court presumes that statutes duly enacted by the legislature are constitutional and will not hold them unconstitutional unless convinced beyond a reasonable doubt of their unconstitutionality. Alabama Dairy Commission v. FoodGiant, Inc., Ala., 357 So.2d 139 (1978). The party challenging the constitutionality of a statute has the burden of establishing its invalidity. Jefferson County Board of Healthv. City of Bessemer, 293 Ala. 237, 301 So.2d 551 (1974). In my opinion, plaintiffs have not established beyond a reasonable doubt that § 36-25-1 (9), Code, is not reasonably calculated to further a legitimate state objective.
The legislature's objective — preventing impropriety or the appearance thereof on the part of public servants in positions of responsibility — is admittedly legitimate. The question, then, is whether requiring financial disclosure on the part of public employees earning more than $15,000 annually bears some
rational relationship to the attainment of that end. In my opinion it does; for as the dissent observes, "common experience bears out the rule that the level of salary is usually commensurate with that of responsibility." A police officer with sufficient experience to reach the $15,000 salary level is one whose position inspires more public trust and confidence than an officer who is new on the job. The legislatively-created category is therefore at least rationally related to the advancement of the legislature's valid objective. That is the only relationship that is constitutionally required. I would affirm.
EMBRY, J., concurs.